0-1401IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2020 CV 1401 JES-JEH |
| v. ) | |
| ) | |
| HEARTLAND HEAD START, INC., an Illinois ) | |
| Not-For-Profit corporation, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE OF DECEASED PLAINTIFF, MARY MARTIN IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANT SOUGHT PURSUANT TO F.R.C.P. 41(b)**

NOW COMES the deceased Plaintiff, MARY MARTIN, ("MARY MARTIN") by her counsel, Dawn L. Wall of Costigan and Wollrab, P.C. and for the Response of MARY MARTIN in Opposition to the Motion to Dismiss of Defendant, HEARTLAND HEAD START, INC., an Illinois Not-For-Profit corporation sought pursuant to Fed. R. Civ. P. 41(b) hereby states the following:

1.  That MARY MARTIN passed away on September 21, 2021. That on that date, prior to her passing, counsel for Plaintiff contacted MARY MARTIN's adult son in an effort to reach MARY MARTIN.

2.  Thereafter, counsel for MARY MARTIN received a voice mail from MARY MARTIN's son advising of MARY MARTIN's passing on September 21, 2021.

3.  Subsequently, counsel for Plaintiff conferred with MARY MARTIN's adult son in order to coordinate a meeting with MARY MARTIN's family regarding matters relating to this pending action.

4. Thereafter, a meeting was scheduled for December 7, 2021; but that meeting did not occur due personal issues of MARY MARTIN's family.

5. Subsequently, counsel for MARY MARTIN went on a personal leave of absence beginning on December 21 to January 25, 2022, due to a death in counsel for MARY MARTIN's family and due to counsel's contraction of COVID-19. Counsel for MARY MARTIN returned to the office on January 25, 2022; but left on personal leave again February 3 to February 21, 2022 due to additional personal issues arising as a consequence of the loss of her father and matters requiring her attention out of the office.

6. Prior to counsel for MARY MARTIN's extended personal leaves of absence counsel for MARY MARTIN had been the primary family member assisting her father following his brain surgery in October of 2021 and to the date of his passing on January 11, 2022.

7. While counsel for MARY MARTIN was conducting some work remotely during times when she was away from the office; many matters were delayed and or postponed as a consequence of counsel for MARY MARTIN's personal challenges.

8. As a consequence of the foregoing, after counsel for MARY MARTIN filed the Suggestion of Death of MARY MARTIN on September 29, 2021, counsel did not immediately proceed with initiating service of the Suggestion of Death on non-parties of record.

9. Counsel for Defendant did not make any attempt to serve a copy of the Suggestion of Death on non-parties, though the federal rules do allow for such service initiated by any party.

10. Following this Court's order of December 30, 2021 and counsel for MARY MARTIN's return to the office on January 25, 2022, counsel for MARY MARTIN did confer with MARY MARTIN's adult son; and counsel for MARY MARTIN planned to

proceed with serving RICHARD MARTIN with the Suggestion of Death following the filing of the status report on January 27, 2022. However, counsel for MARY MARTIN was away from the office again on February 1 and 2, 2022 due to office closures due to a severe winter storm in Central Illinois; and then on another extended leave from the office from February 4, 2022 to February 21, 2022.

11. Upon counsel for MARY MARTIN's return to the office on a full time basis after February 21, 2022, counsel was very far behind on multiple matters.

12. By March of 2022, counsel for MARY MARTIN was consistently working to resolve the backload of work in her practice; and reached out to a private process server to perfect service of the Suggestion of Death on Richard Martin, spouse of MARY MARTIN (hereafter "Richard Martin").

13. Counsel for MARY MARTIN learned by e-mail on April 8, 2022 that the process server had secured service of the Suggestion of Death on Richard Martin. Counsel for MARY MARTIN immediately notified counsel for Defendant of the service of the Suggestion of Death and of counsel's conversation with Richard Martin regarding pending matters.

14. On April 12, 2022 counsel for MARY MARTIN received the completed Affidavit of Service from the process server.

15. On April 12, 2022 this Court issued an order directing counsel for MARY MARTIN to file a status report by April 19, 2022. Within a very short time of counsel for MARY MARTIN's receipt of the Text Order of this Court, counsel for MARY MARTIN prepared an Affidavit of Counsel affirming that service of the Suggestion of Death had been perfected on Richard Martin; and further providing this Court and counsel for Defendant with proof of service of the Suggestion of Death.

16.    Counsel for MARY MARTIN believed that she had complied with the request of this Court on April 12, 2022 to file a status report by April 19, 2022 by virtue of counsel filing her Affidavit with this Court on April 12, 2022, which filing allowed for the start of the running of the ninety (90) day period under F.R.C.P. 25 to allow for substitution of a party.

17.    After counsel for MARY MARTIN's conference with Richard Martin on April 8, 2022, there was a delay in counsel's receipt of some additional information requested of Richard Martin to allow for counsel to proceed with the filing of a Motion for Substitution on behalf of Richard Martin.

18.    Following receipt of the additional information from Richard Martin, counsel for MARY MARTIN filed a Motion for Substitution of the Real Party in Interest in this cause on behalf of Richard Martin on May 4, 2022. That Motion for Substitution has not yet been ruled upon; however, given the deadline for the filing of a Response to the Motion to Dismiss of Defendant, counsel for MARY MARTIN is filing this Response in Opposition to Defendant's Motion to Dismiss sought pursuant to Fed. R. Civ. Pro. 41(b).

19.    While there have been delays in this cause occasioned by the death of MARY MARTIN and the personal challenges and leaves of absence of counsel for MARY MARTIN, counsel for MARY MARTIN has not ignored orders of this Court; and despite challenges of counsel, there is now a request on file to allow the successor party in interest to move forward and prosecute the claims of the deceased.

20.    Richard Martin has indicated a willingness to substitute in as the successor in interest to MARY MARTIN; and has now filed a Motion for Substitution as the Real Party in Interest in this case and upon the granting of his Motion for Substitution Richard Martin is prepared to proceed forward to prosecute this matter in accordance with this Court's orders and

the applicable federal rules.

WHEREFORE, on the basis of the foregoing, counsel for MARY MARTIN, on behalf of the deceased Plaintiff hereby prays on behalf of the deceased that the Motion to Dismiss filed by Defendant, HEARTLAND HEAD START, INC. be dismissed and further prays for such other and further relief as this Court deems equitable and proper.

        Respectfully Submitted,

        On behalf of,
        MARY MARTIN, deceased Plaintiff

        By: Costigan & Wollrab, P.C.

        **/s/ Dawn L. Wall**
By: _____
        Dawn L. Wall

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, I electronically filed the foregoing Response in Opposition to the Motion to Dismiss of Defendant using the CM/ECF system which will send notice to the following CM/ECF participants:

Kimberly A. Ross
FordHarrison LLP
180 North Stetson Avenue, Suite 1660
Chicago, IL 60601
kross@fordharrison.com

        Respectfully Submitted,

        On behalf of,
        MARY MARTIN, deceased Plaintiff

        <u>BY: s/Dawn L. Wall</u>
        Dawn L. Wall Bar Number 6196948
        Attorney for Plaintiff
        Costigan & Wollrab, P.C.
        308 E. Washington St.
        Bloomington, Illinois 61701
        (309) 828-4310 phone
        dwall@cwlawoffice.com