UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 20-cv-1401-JES-JEH |
| ) | |
| HEARTLAND HEAD START, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

On November 16, 2020, Plaintiff Mary Martin, filed a two-count complaint alleging violation of the Family Medical Leave Act ("FMLA") and retaliation for the FMLA filing. Ms. Martin died on September 21, 2021 in Livingston County, Illinois and a probate estate was not opened. On September 29, 2021, Plaintiff's counsel filed a Suggestion of Death on the Record (Doc. 12). On April 12, 2022, Plaintiff's counsel filed (Doc. 14), an Affidavit of Service establishing that Mary Martin's surviving husband, Richard Martin, had been served with the Suggestion of Death and subsequently filed (Doc. 16), a motion to substitute Richard Martin as Mary Martin's successor in interest.

After Plaintiff filed the Affidavit of Service, but before her filing the Motion to Substitute, Defendant Heartland filed (Doc. 15), a Motion to Dismiss for Lack of Prosecution under Fed. R. Civ. P. 41(b); and an objection (Doc. 18) to the Motion to Substitute. For the reasons indicated herein, Defendant's Motion to Dismiss is DENIED and Plaintiff's Motion to Substitute is GRANTED.

## ANALYSIS

<u>Motion to Dismiss</u>

The Court has the discretion under Fed R. Civ. P. 41(b) to voluntarily dismiss a case as a sanction for a party's failure to prosecute or comply with the Court's orders. This has been described as a "harsh sanction" only appropriate "in limited circumstances, such as for 'a clear record of delay or contumacious conduct.'" *Brown v. Shaw*, No. 21-1712, 2021 WL 4786413, at *1 (7th Cir. Oct. 14, 2021) (citing *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014)) (internal quotation marks and citations omitted). In the case before the Court, Plaintiff's counsel filed a Suggestion of Death on September 29, 2021, but did not file a Motion to Substitute Richard Martin as Mary Martin's successor in interest until May 4, 2022, after having served the Suggestion of Death upon Richard Martin on April 8, 2022.

Defendant asserts that Plaintiff should be sanctioned for failure to comply with the Court's December 30, 2021 order to promptly serve the Suggestion of Death and take the steps necessary to substitute. It is clear that Plaintiff did not timely comply with this order as, on January 27, 2022, the Court gave her an extension in which to do so. Still, the Motion to Substitute was not filed until May 4, 2022, more than seven months after the Suggestion of Death. The relevant statute, Fed. R. Civ. P. 25(a) provides that if a party dies and the claim is not extinguished, a motion to substitute must be filed within 90 days of the notification of death. Defendant asserts that Counsel's delay demonstrated a failure to prosecute and failure to follow the Court's orders, with the consequence that the complaint should be dismissed with prejudice.

While the Motion to Substitute was undeniably filed more than seven months after the Suggestion of Death, Plaintiff's counsel has identified several serious and extenuating circumstances. Counsel was originally to meet with the family on December 7, 2021 to discuss

the substitution of parties. The Court notes that this would arguably have allowed counsel to file the Motion to Substitute within 90 days of Ms. Miller's death, as contemplated under Fed. R. Civ. P. 25(a). For reasons unknown, Ms. Miller's family canceled the meeting. Counsel went on a leave of absence shortly thereafter from December 21 to January 25, 2022 due to having contracted Covid and due to a death in the family. Plaintiff took leave again February 3 to February 21, 2022 for issues related to the January 11, 2022 death of her father, for whom she had been the primary assisting family member.

While Defendant expresses some sympathy for this confluence of events, it claims unfair prejudice due to the delay, as the complaint was filed only days before the expiration of the statute of limitations, and it is now almost 4 years since the events. Defendant notes that there has been a turnover in Defendant's staff with one key witness leaving her employment. Defendant but does not claim, however, that witnesses are unavailable, nor would the Court expect this to be the case four years after the fact.

The Court finds Defendant's claim that Plaintiff was not prosecuting her case to be ill-founded. This is so, as Plaintiff had filed the Affidavit of Service as to Richard Martin prior to Defendant filing the Motion to Dismiss, so she clearly had not abandoned the case. The Court also disposes of Defendant's additional argument that the complaint should be dismissed as there is little chance of success as Mary Martin died before being deposed or answering discovery. While this might go to the issue of proof, it would be premature to dismiss the action at this juncture.

Given the underlying circumstances, the Court does not find that the delay here was so egregious as to warrant dismissal. Defendant does not, in fact, cite a case where a court has ordered dismissal under Rule 41(b) for the failure to timely substitute after the death of the party

3

plaintiff. The courts have, rather, allowed service beyond the 90 days where it finds excusable neglect. *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (allowing motion for substitution filed eighth months after the suggestion of death); Rule 6(b)(1)(B). *See id*. "[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Tatterson v. Koppers Co.,* 104 F.R.D. 19, 20 (W.D. Pa.1984).

<u>Motion to Substitute</u>

The Court may order substitution after the death of a plaintiff if the action survives her death, and a proper party is identified as her substitute. *Tamburo v. Dworkin*, No. 04-3317, 2012 WL 104545, at *1 (N.D. Ill. Jan. 11, 2012) (citing *Atkins v. City of Chi.*, 547 F.3d 869, 870 (7th Cir. 2008)). Plaintiff's FMLA claim is one that survives her death. *See Gibson v. Blue Cross Blue Shield of S.C.*, No. 15-02476, 2017 WL 9292264, at *4 (D.S.C. Apr. 24, 2017), *report and recommendation adopted*, No. 15-02476, 2018 WL 480391 (D.S.C. Jan. 19, 2018). In addition, there is no dispute but that Plaintiff's deceased husband, Richard Martin is a proper party as her successor in interest. Accordingly, Plaintiff's Motion to Substitute is GRANTED.

**IT IS THEREFORE ORDERED:**

Defendant's Rule 41(b) Motion to Dismiss (Doc. 15) is DENIED. Plaintiff's Motion to Substitute Richard Martin as the Party Plaintiff (Doc 16), is GRANTED over Defendant's objection. The Clerk is directed to correct the caption to identify the Plaintiff as "Richard Martin, as Successor in Interest to Mary Martin, deceased."

ENTERED:  May 11, 2022

                                                s/ James E. Shadid
                                                JAMES E. SHADID
                                      UNITED STATES DISTRICT JUDGE